IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

OPINION & ORDER

18-cv-180-jdp

---

Plaintiff Eric Thomas Wrhel, appearing pro se, has filed this civil action against the United States Department of Justice, alleging that an attorney representing the government in another of Wrhel's lawsuits has committed misconduct. The court has already concluded that Wrhel may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

The next step is for the court to screen Wrhel's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept the plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). After reviewing Wrhel's complaint, I will dismiss the case because Wrhel does not state a claim upon which relief may be granted.

Wrhel has filed a series of cases in this court concerning the alleged miscalculation of his taxes and harassing behavior of Internal Revenue Service officials. Only one of those cases, no. 16-cv-758-jdp, is still pending. In that case, Wrhel alleges in part that the IRS erred in

attempting to collect taxes on some of his 2010 income by failing to send a notice of deficiency to a proper last-known address for him. In the current case, Wrhel alleges that one of the attorneys representing the United States in the '758 case committed misconduct by stating in the government's answer that Wrhel was at fault for the error because he had filed tax returns with the incorrect address, even though the evidence produced by the IRS later showed that this was not the case. Wrhel states that counsel "has no right to tell a plaintiff or a defendant that something is their fault when in fact it is not." Dkt. 1, at 4. Wrhel asks the court to remove counsel from the '758 case, and that counsel be terminated from his job and disbarred.

It is difficult to fathom what type of cause of action Wrhel seeks to bring in this case. Even if he meant to bring claims under the Federal Tort Claims Act or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1974), all he has alleged is that the government's attorney misstated in the answer the basis for a defense. This might be grounds for striking portions of the answer or entering sanctions within the '758 case, but this allegation does not support a plausible FTCA or *Bivens* claim, for at least two reasons.

First, Wrhel does not explain how he has been harmed by this error, nor can I think of a plausible harm that he has suffered. Second, this court cannot grant him any of the relief he requests in this brand-new civil lawsuit. He has already filed a motion for sanctions in the '758 case, Dkt. 55 in that case, which is the appropriate place for a sanctions motion, as opposed to a standalone lawsuit like this one. But regardless in which case he seeks the sanctions listed above, the relatively minor error here is simply not a serious enough problem to entertain the extremely harsh sanction of revoking an attorney's ability to continue litigating a particular case, much less revoking an attorney's ability to practice in the court entirely. And this court cannot disbar an attorney from practicing in any other court or terminate him from his job. I

will take up Wrhel's motion for sanctions and the other motions in the '758 case in a forthcoming order. But this case must be dismissed for Wrhel's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Eric Thomas Wrhel's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered June 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge